UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WINSTON DEMOND WESTLEY**                                **CIVIL ACTION**

**VERSUS**

**JASON KENT, ET AL.**                                     **NO. 19-00170-BAJ-SDJ**

## RULING AND ORDER

Before the Court is Petitioner's Motion to Set Bond (Doc. 16), seeking Petitioner's release from state custody during the pendency of the above-captioned habeas proceeding. The State opposes Petitioner's Motion. (Doc. 18). For the reasons stated herein, Defendant's Motion is denied.

**I.   RELEVANT BACKGROUND**

In this habeas application, Petitioner challenges the constitutionality of state court convictions and sentences in four separate cases. Specifically, on or around May 14, 2011, Petitioner pleaded guilty in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to one count of felony theft of more than $500 in Criminal Case No. 03-08-0205; one count of felony theft of between $300 and $500 in Criminal Case No. 03-08-0206; one count of forgery in Criminal Case No. 04-10-0228; and four counts of issuing worthless checks (totaling more than $500 in the aggregate) in Criminal Case No. 09-09-0579. (Doc. 5 at 3-5).[1] As a result of these convictions, Petitioner was sentenced to *consecutive* sentences in each of his

---

[1] Despite different case numbers, each of the four cases was captioned *State of Louisiana v. Winston D. Westley*.

four cases, collectively totaling 50 years' imprisonment at hard labor. (*Id.* at 5).

Petitioner timely appealed each of his cases to the Louisiana First Circuit Court of Appeal. On February 15, 2013, the Louisiana First Circuit affirmed Petitioner's convictions and sentences. Petitioner did not seek review in the Louisiana Supreme Court, and his convictions became final on March 18, 2013. (*Id.* at 7).

Eleventh months later, on February 18, 2014, Petitioner initiated state post-conviction proceedings. The trial court denied relief and, again, the Louisiana First Circuit affirmed. Petitioner's state post-conviction proceedings resolved on February 18, 2019, when the Louisiana Supreme Court denied review of Petitioner's post-conviction application. (*Id.*).

On March 20, 2019, Petitioner filed his original, *pro se* habeas application in this Court. (*See* Doc. 1 at 8). On May 3, 2019, the Clerk of Court notified Petitioner that his application was deficient because he had not paid the $5 filing fee or, in the alternative, applied to proceed *in forma pauperis*. (Doc. 2). Petitioner responded by obtaining counsel and paying the $5 filing fee on May 17, 2019.

On June 27, 2019, Petitioner, through counsel, filed his Amended Petition For Relief Under 28 U.S.C. § 2254. (Doc. 5). Petitioner's amended application alleges that Petitioner's convictions and sentences must be vacated because Petitioner's state-court attorney was ineffective at the investigation, plea, and sentencing stages of Petitioner's case, and because Petitioner's sentences are unconstitutionally excessive. (*Id.* at 13-25). Most relevant here, however, Petitioner's amended application *concedes* that Petitioner's habeas petition is untimely on its face:

> At the time that the Louisiana Supreme Court denied Mr. Westley's writ application on February 18, 2019, Mr. Westley had 28 days remaining within which to file his petition in this Court. The deadline for Mr. Westley to file with this Court was March 18, 2019. However, Mr. Westley's petition was filed on March 20, 2019.

(*Id.* at 8). Despite this concession, Petitioner argues that his claims are saved by equitable tolling. (*Id.* at 8-12).

On November 20, 2019, the State filed its Answer (Doc. 11), and Memorandum in Opposition to Petitioner's Petition (Doc. 12). The State argues that Petitioner's application is time-barred under 28 U.S.C. § 2244(d)(1)(a)—the AEDPA's one-year limitations period for seeking federal habeas review of a state court judgment—and is ineligible for equitable tolling. (Doc. 12 at 6-16). The State does not address the merits of Petitioner's claims.

On April 27, 2020, Petitioner filed the instant Motion to Set Bond. (Doc. 16). Petitioner argues that he is entitled to release pending a decision on his habeas application because he has a "high probability of success" on his claims of ineffective assistance of counsel and excessive punishment, and because "extraordinary circumstances" make bond appropriate in light of the ongoing COVID-19 pandemic. (Doc. 16-1 at ¶¶ III-IV). The State opposes Petitioner's Motion, arguing that Petitioner's likelihood of success is doubtful given that Petitioner's application is untimely on its face, and, in any event, the COVID-19 pandemic does not qualify as an "extraordinary circumstance" justifying bond. (Doc. 18 at 9-10).

3

## II. LAW AND ANALYSIS

### i. Standard

Despite the "lack of specific statutory authorization," federal district courts have inherent power and jurisdiction to release prisoners, including state prisoners, on bail pending determination of a federal habeas corpus petition. *See In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975). The U.S. Court of Appeals for the Fifth Circuit instructs that a state prisoner seeking release pending determination of his habeas application must (1) "raise[] substantial constitutional claims upon which he has a high probability of success," and (2) show that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Nelson v. Davis*, 739 F. App'x 254 (5th Cir. 2018) (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)); *Watson v. Goodwin*, 709 F. App'x 311 (5th Cir. 2018) (per curiam) (same); *Beasley v. Stephens*, 623 F. App'x. 192 (5th Cir. 2015) (same).

> Extraordinary circumstances exist, for example, where there has been a "serious deterioration of the petitioner's health while incarcerated"; where a short sentence for a relatively minor crime is "so near completion that extraordinary action is essential to make collateral review truly effective"; and possibly where there has been an "extraordinary delay in processing a habeas corpus petition."

*Davis*, 739 F. App'x 254 (quoting *Calley*, 496 F.2d at 702 n.1).

Here, Petitioner fails to satisfy the Fifth Circuit's standard for release pending resolution of his habeas application. As an initial matter, Petitioner is hard-pressed to show a high probability of success on his constitutional claims when, as here, he admits that his application is time-barred on its face, and relies on equitable tolling

4

to save his claims from dismissal. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (explaining that equitable tolling applies only in "rare and exceptional circumstances," "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." (quotation marks and citations omitted)).

But even assuming that Petitioner's claims are saved by equitable tolling, he has not shown "extraordinary or exceptional circumstances" justifying release. Petitioner does not allege a serious deterioration of his health, and cannot show that he is nearing completion of his sentence, or an extraordinary delay in processing his habeas application. Nor does Petitioner allege anything analogous to these enumerated "extraordinary circumstances."

Instead, Petitioner relies on the existence of the "uniquely dangerous" COVID-19 pandemic, and the possibility that he will receive substandard medical care if he contracts COVID-19 while incarcerated. (*See* Doc. 16-1 at ¶ V). Courts consistently reject such assertions as a basis for establishing extraordinary circumstances, noting that "the risk of contracting COVID-19 while in custody is not an extraordinary or exceptional circumstance that could make granting bail necessary to make the habeas remedy effective." *Chandler v. Davis*, No. 20-cv-86, 2020 WL 3510728, at *2 (N.D. Tex. June 29, 2020); *see also Houston v. Davis*, No. 18-cv-03199, 2020 WL 3036616, at *2 (N.D. Tex. June 5, 2020) (same), *appeal dismissed*, 2020 WL 7663212 (5th Cir. July 28, 2020); *accord* Risner v. Fowler, 458 F. Supp. 3d 495, 504 (N.D. Tex. 2020) ("The Court takes the COVID-19 pandemic very seriously, and it does not discount

5

Risner's vulnerability to adverse consequences from the virus due to his age and underlying medical conditions. But Risner has failed to establish that the risk of contracting COVID-19 while in FCI Seagoville is a special circumstance warranting [release on bail pending habeas review of an extradition proceeding]."). The Court sees no reason to depart from this line of cases here.

In sum, the Court determines that Petitioner is unable to demonstrate "extraordinary or exceptional circumstances" justifying release, and denies Petitioner's Motion to Set Bond on that basis. In reaching this conclusion, the Court does not make any determination regarding the ultimate merits of Petitioner's habeas application.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Set Bond (Doc. 16) is **DENIED**.

Baton Rouge, Louisiana, this 11th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**